# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| LOTTIE THOMPSON-GROVES and WILLIAM GROVES | **PLAINTIFFS** |
| VERSUS | CIVIL ACTION NO. 2:19-cv-194-KS-MTP |
| ST. JOHN-TAYLOR PROPERTIES, LLC and NEW SOUTH RESTAURANT GROUP, LLC | **DEFENDANTS** |

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Stay Proceedings [8]. Having carefully reviewed the parties' submissions, the record, and the applicable law, the Court finds that the Motion [8] should be granted.

## I. BACKGROUND

Plaintiffs filed this public-accommodations action under Title III of the ADA pursuant to 42 U.S.C. § 12181, seeking declaratory and injunctive relief related to alleged architectural and other barriers at Defendants' restaurant. Comp. [1]. Among other things, Plaintiffs seek to have "the Court enter an order requiring the Defendants to alter the facility to make it accessible to and usable by individuals with disabilities to the full extent required by the ADA…." Comp. [1] at 13.

The action was filed on December 12, 2019. On January 15, 2020, Defendants hired an ADA public accommodations consultant, Rick Hinrichs, to investigate the restaurant's compliance with the ADA. Defendants received a report from Hinrichs on February 6, 2020. The report identified issues with the restaurant, but Defendants submit that they are vigorously

working to remedy the ADA violations.[1]  Defendants estimates that the repair project will be completed within 90 days and will provide a status report at the 45 day mark.  Defendants seek a stay of this action for remediations to continue without incurring costs of litigation.

## II. DISCUSSION

The Court begins by stating that any issue with regard to whether or not Defendants received any pre-suit notice is not relevant to the grant of a stay because both parties agree that pre-suit notice is not required under the ADA.  Also, because it is not certain from the non-binding case law cited by Defendants that the remediation efforts will moot this action in its entirety by rendering it without a "case or controversy," the Court is not willing to grant the stay on such grounds.

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248 (1936)).  Plaintiffs argue that granting the stay in this case would be directly contrary to the interests of justice because the Court would thereby be "stacking the deck" in favor of Defendants when the circumstances do not warrant any such outcome.  Memo. [11] at 2.  Plaintiffs also argue that there has been no substantiation of the efforts being made.

Defendants' reply rectifies this.  Defendants submitted a declaration from both its Chief Operating Officer and expert outlining its response efforts to the Complaint.  Also, since the time the case and the motion to stay were filed, this country has been hit with a health care crisis that has in effect shut down small business like the one in this case.  At the very least, the stay will

---

[1] For example, Defendants submit that the parking lot was modified, braille signs have been installed in the bathrooms, the sink drain pipes have been covered in the women's handicap stall, the doorknobs have been changed on the stalls in the bathrooms, and table bases have been changed in the dining area.  Memo. [9] at 3-4.

serve to narrow the issues between the parties, and the Court finds that such an end is most desirable in cases such as these.

Plaintiffs cite to a case from the Middle District of Florida,[2] wherein the court denied a stay in an ADA case. Memo [11] at 3. However, in that case, a Case Management Order had been entered, which then governed the case, and the defendant filed a motion specifically seeking suspension of the local and general procedural rules applying to the case. As such, the Court finds the district court ruling from another jurisdiction unpersuasive.

It is true that the Federal Rules of Civil Procedure should be construed and administered to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. However, no party raises a particular rule at issue here, and Defendant is not seeking to suspend any rule. There has been no Case Management Order entered in this case to date, and even generally speaking as to the Federal Rules, as noted above, the Court finds that narrowing the issues in this case *will* help to secure the just, speedy, and inexpensive determination of this action. Finally, the Court finds that Plaintiffs will suffer no immediate harm by a stay as the restaurant is currently not open to the public.

IT IS, THEREFORE, ORDERED that:

1. Defendants' Motion to Stay [8] is GRANTED.

2. From this date, the case shall be stayed for ninety (90) days. In forty-five (45) days, Defendants shall file a status report with the Court as to the remediation efforts that have been made, are being made, or are planned to be made.

3. Upon the expiration of this stay, the parties shall request a status conference with the Court, which will be scheduled as promptly as the Court's schedule allows.

---

[2] *Raetano v. Kally K's Inc.*, No. 8:08-cv-02104, 2009 WL 651808 (M.D. Fla. Mar. 12, 2009).

SO ORDERED, this the 6th day of April, 2020.

                                                      s/Michael T. Parker
                                                     United States Magistrate Judge